08-3112-ag
Zhabjaku v. Holder

BIA
Vomacka, IJ
A096 018 143

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of February,two thousand eleven.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

GEZIM ZHABJAKU,
> *Petitioner,*

> v.                                          08-3112-ag
>                                             NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Theodore N. Cox, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Lyle D. Jentzer, Senior
                         Litigation Counsel; Zoe J. Heller,
                         Civil Division, Office of
                         Immigration Litigation, U.S.
                         Department of Justice, Washington
                         D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Gezim Zhabjaku, a native and citizen of Albania, seeks review of the June 11, 2008, decision of the BIA denying his motion to reopen and the February 14, 2005, decision of the BIA affirming the December 5, 2003, decision of Immigration Judge ("IJ") Alan A. Vomacka denying his application for asylum, withholding of removal, and CAT relief. *In re Gezim Zhabjaku*, No. A096 018 143 (B.I.A. June 11, 2008); *In re Gezim Zhabjaku*, No. A096 018 143 (B.I.A. Feb. 14, 2005), *aff'g* No. A096 018 143 (Immig. Ct. N.Y.C. Dec. 5, 2003). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, Zhabjaku's challenges to the BIA's denial of his motion to reopen based on his eligibility to adjust status are moot because his applications for adjustment of status and a waiver of inadmissibility have been adjudicated and denied. His petition for review is dismissed to that extent. *See Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12

2

(1992) ("[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed.")

Under the circumstances of this case, we review the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 523 (2d Cir. 2007). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Substantial evidence supports the IJ's adverse credibility determination. The IJ reasonably relied on several inconsistencies in the record that went to the heart of Zhabjaku's claim. *See Majidi v. Gonzales*, 430 F.3d 77, 79-81 (2d Cir. 2005). For example, at his airport and credible fear interviews, Zhabjaku explicitly stated that he had never been arrested, but at his merits hearing he testified that he had been arrested and beaten several times. *See id*.

Further, Zhabjaku claimed in his asylum application that he and his family were among the first members of the Democratic Party in the early 1990s, but he testified that

3

he and his father did not join the Party until 1996. The agency was not compelled to credit Zhabjaku's explanation that he was still relatively young at the time he joined the Party; he did not explain why he did not join the youth wing of the Party or why his father did not join earlier. In addition, the IJ reasonably relied on the fact that Zhabjaku stated in his asylum application that he supported Barit Borici, the Legality Party candidate, in the 2000 municipal elections, whereas Zhabjaku testified that he supported Astrit Bushati, the Democratic Party candidate in that election. The agency was not compelled to credit Zhabjaku's explanation that this was due to a typographical or translation error. *See Id.* at 80-81.

In addition, the IJ reasonably found that Zhabjaku's failure to provide corroborating evidence supported an adverse credibility determination. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Specifically, the IJ reasonably noted the absence of any statement from Zhabjaku's family members (including his father, who was supposedly involved in Democratic Party political activities), and Zhabjaku's failure to present any medical records to corroborate his testimony that he received medical treatment. *See id.*

4

Zhabjaku argues that the IJ engaged in speculation in making certain additional adverse credibility findings. However, we can confidently predict that the IJ would have reached the same decision in any event because of the overwhelming inconsistencies in the record supporting the IJ's ultimate adverse credibility determination. *See Diallo v. U.S. Dep't of Justice*, 548 F.3d 232, 235 & n.3 (2d Cir. 2008). Because the agency's adverse credibility determination was supported by substantial evidence, it did not err in relying on that determination to deny Zhabjaku's applications for asylum, withholding of removal, and CAT relief, all of which claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 155-56 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk